■ In the Matter of the Arbitration between AMALGAMATED TRANSIT UNION, LOCAL DIVISION 1283 et al., Respondents, and CAPITAL DISTRICT

TRANSPORTATION AUTHORITY, Appellant.—Appeal from an order and judgment of the Supreme Court at Special Term entered May 9, 1975 in Albany County, which modified and confirmed as modified the arbitration award of John H. Owen and Nicholas D. Morsillo. Respondent, Joseph Polimeni, employed by appellant as a bus driver, was involved in an accident while operating a bus in the course of his employment. He sustained injuries and applied for and received workmen's compensation benefits. On May 6, 1974, Polimeni returned for work and furnished his employer his doctor's certificate stating that he was able to resume his regular duties immediately. Polimeni was immediately suspended pending a hearing to determine if the accident was caused by his negligence. After a hearing on May 10, 1974, a determination was made that the accident was caused by the negligence of Polimeni in the operation of the bus and Polimeni was discharged. Polimeni and his union contested the discharge and the controversy proceeded to arbitration before a board of three members, Morsillo, selected by respondents, Manz, general manager of the Capital District Transportation Authority, selected by appellant, and Owen as the impartial member. The arbitration board heard the matter on October 29, 1974. On December 4, 1974, appellant's attorney notified arbitrator Owen by certified mail that the Capital District Transportation Authority objected to any award on the ground it was not made within the required time, i.e., 15 days after October 29, 1974. A majority of the arbitrators agreed in writing, dated December 20, 1974, to "confirm that the time for the issuance of an Award herein has been extended to and including January 17, 1975". Morsillo and Owen, a majority of the board, made an award, signed and acknowledged by Morsillo on January 3, 1975 and by Owen on January 6, 1975. The award was received by the Capital District Transportation Authority on January 7, 1975. The award decided that Capital District Transportation Authority did not have sufficient cause to discharge respondent Polimeni and directed his reinstatement "with full pay retroactive to the date of his discharge less any offsetting sums received through unemployment or from other sources." Respondents moved to confirm the award and appellant cross-moved to vacate the award. Special Term modified the award and confirmed the award as modified. On this appeal, appellant claims that the arbitration award was not timely, that the arbitration award was obtained by the fraudulent conduct of respondent, Polimeni, and that the order and judgment of the Special Term confirming the arbitration award was improper. The award was timely made. CPLR 7507 provides that the award shall be made within the time fixed by the arbitration agreement and that the parties may extend the time before or after its expiration. The agreement between the parties provides that "The arbitrators shall submit their award in writing to both parties within fifteen (15) days thereafter, or in such other, longer period as may be determined by a majority of the Board of Arbitration." By this clause the parties authorized the majority of the arbitrators to exercise the rights of the parties to extend the time to make the award. There is no limitation requiring the extension to be made by the arbitrators within 15 days or before one of the parties serves a notice as specified in CPLR 7507, and we are not inclined to imply a limitation. There is no requirement in the agreement that the extension must be in writing, although the two arbitrators executed a formal document extending the time to make the award to January 17, 1975. The arbitrators informally extended the time to make the award, in fact, to give Manz the arbitrator selected by appellant, an opportunity to prepare and forward to the impartial arbitrator his recommended decision. Manz indicated in his letter dated

November 25, 1974 to Owen, the impartial arbitrator, that he would forward to him in a few days his recommended decision and proposed that they "meet and complete this case early in December." The proposed decision was not forthcoming, but appellant served notice on December 4, 1974 that any award would be untimely. We conclude that the arbitration agreement authorized the majority of the arbitrators to grant the extension in question. The record does not support appellant's claim that the award was procured by fraud of respondent Polimeni. The appellant knew of Polimeni's claim for workmen's compensation benefits and its insurance carrier was informed by Polimeni's physician that he had a 5 to 10% disability. This proceeding was instituted in good faith to vindicate Polimeni's right to continue in his former employment after recovery. It was consistent with his claim for compensation benefits during the time he was incapacitated for work. The workmen's compensation award for partial disability was not made until January 28, 1975. Special Term erred in modifying the award. CPLR 7511 (subd [c]) does not authorize the modification set forth in the order and judgment appealed from. The order and judgment must be modified to conform to the terms of the award made by the arbitrators. Order and judgment modified, on the law, to conform to the award, and, as so modified, affirmed, without costs. Settle order on notice. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.